446 A.2d 286

**COMMONWEALTH of Pennsylvania**

v.

**Ronald Lamarr KASTER, Jr.**

Superior Court of Pennsylvania.

Argued March 23, 1982.

Filed May 28, 1982.

Robert Dunne Kodak, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

ROWLEY, Judge:

Shortly after ten o'clock P.M. on August 4, 1979, Michael Nelson, Chief of Police of Wiconisco Township, was shot with a double-barrel 12-gauge shotgun as he sat in his parked police cruiser. As a result, Chief Nelson suffered serious and permanent, disabling injuries. He was not able to observe his assailant(s). On July 2, 1980, appellant, Ronald Kaster, was arrested and charged with criminal attempt to commit murder in connection with Chief Nelson's shooting. Appellant was convicted, after a jury trial, and sentenced to five (5) to ten (10) years imprisonment. This direct appeal followed.

Appellant raises five issues on appeal: whether, (1) the trial court improperly admitted a letter from appellant to one, Jonathan Neidlinger, (2) the court improperly admitted a photograph of the interior of the victim's car, taken after the shooting, (3) the court's "ruling" as the admissibility of appellant's prior conviction for theft by receiving was prejudicial error, (4) the court erred in denying appellant's demurrer, and (5) the verdict rendered was against the evidence and against the weight of the evidence. We find all of appellant's arguments to be without merit and therefore, affirm the judgment of sentence.

Appellant's first argument concerns a letter admittedly sent by him to his friend, Jonathan Neidlinger, approximately six weeks after Chief Nelson was shot. Enclosed with the letter was a drawing, depicting Alvin Lubold, the police officer from the neighboring town of Tower City, chained and hanging by a noose in front of a burning house. Written across the top of the drawing were the words, "Nipper of Corse" (sic). "Nipper" was Officer Lubold's nickname. The Court admitted the letter and picture as evidence of malice and ill will towards the police and also because it corroborated the testimony of Mr. Neidlinger. Neidlinger testified that prior to August 4, 1979, appellant harbored ill will towards three specific police officers in the area, Chief Nelson, Officer Lubold and Chief Williard of Williamstown, and that plans had already been devised to kill each of those officers.

As a general rule, evidence, which proves intent, plan, design, ill will or malice is relevant and admissible. *Commonwealth v. Kravitz*, 400 Pa. 198, 161 A.2d 861 (1960), *cert. denied* 365 U.S. 846, 81 S.Ct. 807, 5 L.Ed.2d 811 (1960). Appellant argues, however, that because the drawing was sent *after* the attack on Nelson and because it does not specifically refer to him, it is irrelevant. We disagree. Ill will or malice towards a victim can be demonstrated by establishing the state of mind of the assailant towards certain persons with respect to a particular subject. *Commonwealth v. Glover*, 446 Pa. 492, 286 A.2d 349 (1972).

Evidence concerning a defendant's involvement in substantially similar schemes, is admissible to show motive, intent or identity. *See Commonwealth v. Hawkins*, 295 Pa.Super.Ct. 429, 441 A.2d 1308 (1982). In this case, the drawing, in addition to the testimony of Mr. Neidlinger and other witnesses, demonstrated appellant's ill will towards an identified group of police officers and is corroborative of the testimony that there was evidence of a plan to kill each of those officers. Appellant further argues that the letter is irrelevant since it was sent *after* the attack on Chief Nelson. However, it has been held that evidence of a defendant's actions both before and after a crime may be admissible to show motive and malice. *Commonwealth v. Littlejohn*, 433 Pa. 336, 250 A.2d 811 (1969). *See also Commonwealth v. Hoffman*, 263 Pa. Superior Ct. 442, 398 A.2d 658 (1979). Therefore, the letter and the picture were properly admitted both as evidence of malice and to corroborate Mr. Neidlinger's testimony.

■ Appellant also argues that the admission of a color photograph showing the interior of the victim's car was improper. The question of admissibility of photographs is within the discretion of the trial judge, whose decision will be reversed only if there has been an abuse of discretion. *Commonwealth v. Woods*, 454 Pa. 250, 311 A.2d 582 (1973). We find no abuse of discretion in this case. We have examined the photograph. It depicts the front seat of the victim's car, empty except for the officer's hat, with a small amount of blood on the seat and on the passenger door. The wounded officer does not appear in the photograph. The picture is not gruesome and it is very unlikely that such a photograph would inflame the minds of the jurors. Furthermore, the time of the shooting was critical and there was considerable testimony as to the amount of time it took the wounded officer to get out of the car and secure assistance. The picture was relevant to aid the jury in understanding how the officer extricated himself from the car.

■ Appellant next argues that the court's "ruling" on the admissibility of appellant's prior conviction for theft by

receiving was error which precluded appellant from taking the stand. This issue is not properly before us for review. No such "ruling" appears in the record. There is nothing to indicate that appellant was going to take the witness stand or that the Commonwealth intended to introduce his prior conviction for theft by receiving. It appears that at one point defense counsel inquired of the trial judge, off the record, whether the prior conviction would be admissible if appellant took the stand. The Court indicated, again off the record, that it would. Such an exchange does not preserve the issue for appellate review.

In any event, admission of appellant's prior record would have been proper in this case under the test set out in *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). *Commonwealth v. Roots*, 482 Pa. 33, 393 A.2d 364 (1978) refined the *Bighum* rule, stating that the court should consider: (1) the degree to which the commission of the prior offense reflects upon the veracity of defendant; (2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the defendant and suggest a propensity to commit the crime for which he stands charged, rather than provide legitimate reason for discrediting him as an untruthful person; (3) the age and circumstances of defendant; (4) the strength of the prosecution's case and the prosecution's need to resort to this evidence as compared with the availability to the defense of other witnesses through which its version of the incident can be presented; and (5) the existence of alternative means of attacking defendant's credibility.

Theft by receiving is a *crimen falsi* which reflects upon the veracity of appellant. *Commonwealth v. Pilosky*, 239 Pa. Superior Ct. 233, 362 A.2d 253 (1967). It is unlikely that a conviction of theft by receiving would suggest a propensity to commit the crime of attempted murder. At the time of the attack on Chief Nelson, appellant was of the same age as when the prior crime was committed. Also, appellant had other means by which to defend himself. Appellant called

numerous alibi witnesses and if he had taken the stand, it is obvious that they would have testified that he was with those witnesses.  Finally, there was no other adequate way for the Commonwealth to attack appellant's credibility.

■   Appellant argues that the trial court erred in denying appellant's demurrer.  This issue has been waived, since appellant presented a defense after the denial.  *Commonwealth v. Sourbeer*, 492 Pa. 17, 422, A.2d 116 (1980); *Commonwealth v. McNeal*, 493 Pa. 395, 426 A.2d 606 (1981).

■   Appellant's final argument is that the verdict was against the evidence and against the weight of the evidence.[1]  It is true that all of the evidence against appellant was circumstantial.  However, circumstantial evidence alone may be sufficient to convict a defendant of a crime.  *Commonwealth v. Cox*, 460 Pa. 566, 333 A.2d 917 (1975).  The Commonwealth presented the following evidence.  A patch was found lying on top of the grass to the side of the car where Chief Nelson was shot, which was similar to the type of patch appellant was seen wearing on the evening of the crime and the following day.  Furthermore, leg and head hairs taken from the patch exhibited the same microscopic characteristics as appellant's leg and head hairs.  Two days after the shooting and before any details were made public, appellant told a friend about two types of ammunition used and the specific defensive actions taken by Chief Nelson. There was evidence of prior ill will and bad feelings between the appellant and the victim.  Appellant spoke on several occasions, both before and after the shooting, about killing Chief Nelson and two other officers.  The night before the shooting, appellant was seen taking a shotgun out of his parents' home.

1.  We are aware that there is some question whether "boiler-plate" weight of the evidence motions, rather than specific allegations of error are adequate to preserve for appellate review, questions of the sufficiency of the evidence.  *See Commonwealth v. Philpot*, 491 Pa. 598, 421 A.2d 1046 (1980).  However, in the interest of judicial economy, we will examine the merits of appellant's claim.

Appellant's evidence consisted mainly of a large number of persons who stated that during the night of the shooting, they observed appellant at various times at a drive-in theater some twelve miles away from the scene of the crime. The credibility of these witnesses was questionable. Even more important, however, none of these witnesses could say for certain that appellant was at the theater between nine and eleven o'clock. In addition, the defense called two witnesses who saw persons not fitting appellant's description running in Wiconisco on the night of the shooting. On cross-examination, it was revealed that the description given by one witness, appellant's neighbor, was far different on the night of the shooting than it was after appellant was charged. Another witness gave a description of a youth seen running almost one mile away from the scene of the crime. We are of the opinion that a review of the record shows that the verdict was supported by the evidence.

Judgment of sentence affirmed.