532 A.2d 450

**COMMONWEALTH of Pennsylvania**

v.

**John R. LaMASSA, Appellant.**

Superior Court of Pennsylvania.

Submitted June 30, 1986.

Filed Oct. 15, 1987.

Robert M. Lipshutz, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and WIEAND and TAMILIA, JJ.

WIEAND, Judge:

John LaMassa was tried by jury and was found guilty of kidnapping, false imprisonment, robbery, burglary, criminal conspiracy, simple assault, theft, and possession of an instrument of crime. Post-trial motions were denied, and a sentence of imprisonment was imposed. LaMassa appealed.

Because our review of the record suggested that LaMassa's original post-trial motions had contained only boilerplate averments that the verdict was unsupported by or contrary to the weight of the evidence, we determined that other issues had not been preserved for appellate review and affirmed the judgment of sentence. See: *Commonwealth v. LaMassa*, 361 Pa.Super. 635, 517 A.2d 1365 (1986). The Supreme Court 515 Pa. 448, 529 A.2d 466 reversed and remanded for consideration of the merits.[1]

At or about 2:15 a.m. on April 7, 1983, while he was standing on the corner of Torresdale Avenue and Benner

---

[1] Appellant's initial post-trial motions alleged only that the verdict was "against the law," "against the evidence," and "against the weight of the evidence." Although appellant requested leave to "file additional reasons," the Clerk's docket and also the Clerk's file failed to disclose that supplemental post-trial motions had been filed. The Clerk's file still fails to contain a copy of supplemental post-trial motions, but a note appearing in the file suggests that supplemental post-trial motions, although neither docketed nor processed, were found after this Court's affirmance of the judgment of sentence.

Street in Philadelphia and engaged in conversation, James Steitz was approached by John LaMassa and Keith Blake. LaMassa asked Steitz to enter a home on Torresdale Avenue; and when Steitz complied, LaMassa and Blake produced guns and demanded drugs and money. Steitz denied having either. He was then ordered to strip, after which LaMassa removed from his clothes the sum of ten dollars and a set of keys. LaMassa then ordered Steitz to accompany LaMassa and Blake to Steitz's home. After the three men had departed, Marie Sherwood, the woman with whom Steitz had been engaged in conversation, alerted the police. When the police arrived, Steitz allowed them into his apartment, where they found LaMassa seated on the couch. Another person left via the window and was subsequently apprehended. He was identified as Keith Blake.[2]

On direct appeal from the judgment of sentence, LaMassa asks this Court to determine the following issues:

(1) Did the trial court err in restricting appellant's cross-examination?

(2) Did the trial court err in denying appellant's motion for a mistrial and a severance from the trial of the co-defendant?

(3) Did the trial court err in denying appellant's motion for a mistrial on the ground that the prosecutor said that some evidence was uncontradicted?

(4) Did the trial court err in failing to instruct the jury as to the role of crimen falsi in impeachment of a witness?

There is no merit in the first two arguments made by appellant. The trial court did not abuse its discretion when it refused to allow cross-examination of the victim regarding the irrelevant matters of his prior association with Marie Sherwood and his alleged prior sale of drugs to appellant. Similarly, there was no abuse of discretion when

2. LaMassa and Blake were tried jointly, and Blake was convicted of offenses similar to those of which LaMassa was found guilty.

the trial court denied appellant's motion for severance after it had been made for the first time during the joint trial of appellant and Blake. These matters have been discussed more fully in an opinion prepared by the learned trial judge, and there is little, if anything, that we can add thereto.

■ LaMassa's argument that the trial court erred in denying a mistrial after the prosecutor had told the jury that some of the Commonwealth's evidence was uncontradicted is also lacking in merit. In the first place, appellant has failed to supply us with a transcript of closing arguments made by counsel. See: *Commonwealth v. Williams*, 357 Pa.Super. 462, 466, 516 A.2d 352, 354 (1986). Moreover and in any event, while it is improper for a prosecuting attorney to refer to a defendant's failure to testify, it is not improper for the prosecutor to identify for the jury items of evidence which have been uncontradicted. See: *Commonwealth v. Jones*, 242 Pa.Super. 471, 476–477, 364 A.2d 368, 370–371 (1976); *Commonwealth v. Kloch*, 230 Pa.Super. 563, 588–590, 327 A.2d 375, 389–390 (1974).

The trial court instructed the jury regarding various factors which it could consider in determining the credibility of the witnesses. However, the court did not instruct the jury about the use to be made of prior convictions of James Steitz for burglary and theft. At the conclusion of the trial court's instructions, defense counsel made the following request:

MR. LIPSHUTZ: I have no quarrel with anything you did say. The only thing I'd ask the Court to do is give a specific instruction on the role of the prior convictions used to impeach the credibility of Mr. Steitz. I think I stated the law accurately in my closing argument, but I'm not the law. In other words, I want you to say words essentially in this nature: The attorney for Mr. LaMassa confronted the prosecution witness with the fact he had been convicted of burglary and theft. The evidence of these convictions is brought before you and you may

consider it with regard to his credibility. Or words to that effect.

THE COURT: Any objection, Commonwealth?

MR. FOREMAN: Yes, I object. You have already instructed the jury to judge each witnesses' demeanor, and, as counsel indicated, in the witness' testimony he admitted these past crimes. That is sufficient. Counsel told them about crimen falsi, I see no justification for further charge.

THE COURT: I don't recall any cases that would require that I instruct the jury on the convictions for crimen falsi of a witness. I don't think there are any cases that say I must do that. I think you sufficiently argued to them on several occasions that he had been convicted of burglary and theft.

Appellant contends that it was error for the trial court to refuse to instruct the jury regarding the use it could make of prior crimen falsi convictions of the principal Commonwealth witness. We agree.

As a general rule, "[t]he refusal to give a proper instruction requested by a party is ground for a new trial only if the substance thereof has not otherwise been covered by the trial court's general charge." *Werner v. Quality Service Oil Co., Inc.*, 337 Pa.Super. 264, 269, 486 A.2d 1009, 1011 (1984). See: *Butler v. DeLuca*, 329 Pa.Super. 383, 390, 478 A.2d 840, 844 (1984). In the instant case, the trial court did not in any way instruct the jury regarding the use to be made of evidence that the alleged victim and principal prosecution witness had been previously convicted of burglary and theft.

■ In Pennsylvania, a witness may be impeached by showing a prior conviction if the crime involved dishonesty or false statement. *Commonwealth v. Penn*, 497 Pa. 232, 244, 439 A.2d 1154, 1160, *cert. denied, Penn v. Pennsylvania*, 456 U.S. 980, 102 S.Ct. 2251, 72 L.Ed.2d 857 (1982); *Commonwealth v. Burton*, 491 Pa. 13, 19, 417 A.2d 611, 613 (1980); *Commonwealth v. Katchmer*, 453 Pa. 461, 464,

309 A.2d 591, 593 (1973). Burglary and theft are offenses which are crimen falsi. See: *Commonwealth v. Henderson,* 497 Pa. 23, 36, 438 A.2d 951, 957 (1981) (prior convictions for theft are crimen falsi); *Commonwealth v. Kahley,* 467 Pa. 272, 288, 356 A.2d 745, 752 (1976), *cert. denied, Kahley v. Pennsylvania,* 429 U.S. 1044, 97 S.Ct. 746, 50 L.Ed.2d 757 (1977) (prior convictions for burglary and larceny involve crimes of dishonesty or false statement); *Commonwealth v. Gray,* 329 Pa.Super. 347, 354, 478 A.2d 822, 825 (1984) (burglary is a crime involving dishonesty or false statement); *Commonwealth v. Kaster,* 300 Pa.Super. 174, 179, 446 A.2d 286, 289 (1982) (theft by receiving is a crimen falsi); *Commonwealth v. Dessus,* 262 Pa.Super. 443, 450–451, 396 A.2d 1254, 1257 (1978) (prior convictions for burglary, larceny and receiving stolen goods are crimen falsi). Therefore, the evidence that the Commonwealth's witness had previously been convicted of burglary and theft was properly received. The evidence having been received, however, the jury should have been instructed regarding its relevancy and the use which could be made of it in determining Steitz's credibility. Not only did the trial court omit an appropriate instruction, but when a specific request therefor was made by defense counsel, it was refused by the court. This was error.

The Commonwealth suggests that the error did not prejudice appellant and, therefore, was harmless. We are unable to agree. Although it is true that appellant was found in Steitz's apartment when police arrived, the evidence regarding appellant's conduct prior thereto, upon which the prosecution depended, came to the jury via the testimony of James Steitz. Because the evidence against appellant consisted primarily, if not exclusively, of Steitz's testimony, appellant was entitled to have the jury instructed regarding the impeaching effect of Steitz's prior convictions for criminal offenses which were crimen falsi in nature.

Reversed and remanded for a new trial.