COMMONWEALTH OF
PENNSYLVANIA,
Appellee

v.

Javier GONZALEZ, Appellant.

Superior Court of Pennsylvania.

Submitted June 28, 2004.
Filed Sept. 9, 2004.

Javier Gonzalez, appellant, Pro Se.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: LALLY–GREEN, OLSZEWSKI, JJ.; and McEWEN, P.J.E.

OLSZEWSKI, J.:

¶ 1 Javier Gonzalez (appellant/defendant) appeals the order of the Court of Common Pleas of Philadelphia County (Greenspan, J.) denying his petition for relief pursuant to the Post–Conviction Relief Act (PCRA). We affirm.

¶ 2 We previously summarized the basic facts of this case in our memorandum decision disposing of appellant's direct appeal.

On April 10, 1999, Gonzalez and Luis Rivera left a bar in Philadelphia with Luis Fuentes and Brenda Credit around 2:30 a.m. Fuentes was driving a van, with Credit in the front passenger seat and Gonzalez and Rivera in the back. After Gonzalez and Rivera began to argue over who should drive the car, Fuentes and Credit heard multiple shots from the back seat. Fuentes and Credit turned around and saw [that] Rivera had been shot; [and] Gonzalez was still pointing a gun at him.

Fuentes wanted to take Rivera to a hospital but Gonzalez refused; still holding the gun in his hand, he ordered Fuentes to stop the van. Acting upon Gonzalez' orders, Fuentes and Credit left the van with Gonzalez, walked to Fuentes' house, got into a car and drove to a gas station. Gonzalez ordered Credit to purchase antifreeze. Gonzalez emptied the container and refilled it with gasoline, then ordered Fuentes to drive him back to the van. Gonzalez doused the van with gasoline and lit it, with Rivera's body still inside.

Gonzalez ordered Fuentes to drive Credit home. As Credit got out, Gonzalez told her [that] she had not witnessed anything and not to worry about it. Gonzalez discarded his clothes on railroad tracks near Credit's home, then told Fuentes to drive him home.

At trial, Fuentes, Credit, detectives and officers who investigated the crime, and the medical examiner who performed the autopsy testified. Gonzalez was convicted of first degree murder, reckless burning, VUFA [a Violation of the Uniform Firearms Act] and PIC [Possessing an Instrument of a Crime]. He was sentenced to life imprisonment for murder followed by two concurrent sentences of sixteen to sixty months incarceration for reckless burning and VUFA. The trial court imposed no penalty for the PIC count.

*Commonwealth v. Gonzalez*, No. 2296 EDA 2000, unpublished memorandum at 1–2 (Pa.Super. filed August 24, 2001). After we denied appellant's direct appeal and affirmed his judgment of sentence, appellant filed a *pro se* PCRA petition on August 28, 2002. The PCRA court appointed counsel to represent appellant. Counsel, after reviewing appellant's petition and the record, concluded that appellant's petition had no merit and filed a "no merit" letter pursuant to *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (Pa.Su-

per.1988), and *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (Pa.1988). The PCRA court dismissed appellant's petition after affording him an opportunity to respond to the "no merit" letter of counsel. This appeal followed.

¶ 3 Appellant raises three questions for our review.

I. Whether trial counsel was ineffective for failing to object [and to request a curative instruction] when [C]ommonwealth introduced Appellant's demeanor after killing occurred as element of malice for murder in first degree and all prior counsel were ineffective for failing to raise, present and preserve this claim thereby so undermining the truth-determining process that no reliable adjudication of guilt or innocence could take[ ] place? ...

II. Whether trial counsel was ineffective when he did not object and seek precautionary instruction following testimony that established Appellant had prior contact with the homicide division and all prior counsel's [*sic* ] were ineffective for failing to raise, present and preserve this claim thereby so undermining the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

III. Whether the PCRA Court erred when it dismissed Appellant's petition and permitted counsel to withdraw?

Appellant's brief, at 3.

■ ¶ 4 When reviewing the denial of a PCRA petition, we will affirm the PCRA court's determination so long as it is supported by the evidence and is free of legal error. *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582, 586 (1999). Further, we will reverse only if there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

¶ 5 The bulk of appellant's contentions both on appeal and in his PCRA petition concern claims of ineffective assistance of counsel. Claims of ineffective assistance of counsel are governed by our Supreme Court's decision in *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002), which held that such claims are properly raised for the first time in a PCRA petition. *Grant* specifically overruled *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), which required criminal defendants to raise ineffective assistance of counsel claims at the earliest possible stage (*i.e.,* when the defendant obtains new counsel). *Grant,* however, applies retroactively only to cases "on direct appeal where the issue of ineffectiveness was properly raised and preserved." *Grant,* 813 A.2d at 738 (citations omitted). As our Supreme Court stated, "Our decision today has no effect on cases currently pending on collateral review." *Id.,* at 739 n. 16. Appellant filed his instant PCRA petition on August 28, 2002. Our Supreme Court filed *Grant* on December 31, 2002. Therefore, appellant's PCRA petition was "currently pending on collateral review" when our Supreme Court decided *Grant.* Accordingly, *Grant* does not apply to appellant's case, and we must analyze appellant's claims of ineffective assistance of counsel under *Hubbard* and its progeny.

¶ 6 *Hubbard* and its progeny required that "newly appointed counsel or retained counsel must raise on appeal the ineffectiveness of his predecessor trial counsel or that claim will be deemed waived. Newly appointed counsel must raise ineffectiveness of prior counsel at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents the defendant." *Commonwealth v. Mays,* 450 Pa.Super. 188, 675 A.2d 724, 727 n. 5 (1996) (citations omitted). "[C]laims of ineffective assistance of counsel [may be raised] even in circum-

stances in which one or more post-verdict substitutions of counsel have occurred, where the petition also asserts the ineffectiveness of all prior counsel." *Commonwealth v. Williams,* 566 Pa. 553, 782 A.2d 517, 523 (2001) (citation omitted). Essentially, an appellant who failed to properly raise claims of ineffective assistance of trial counsel in his direct appeal or previous PCRA petitions was required to "layer" his current claim by arguing that not only was trial counsel ineffective, but all prior counsel were ineffective for failing to raise the issue of trial counsel's ineffectiveness.

¶ 7 While appellant discusses trial counsel's ineffectiveness, he uses only boilerplate language to assert that appellate and PCRA counsel were ineffective for failing to raise and argue these claims of trial counsel ineffectiveness. Because appellant used only boilerplate language in arguing appellant and PCRA counsel's ineffectiveness, we must first analyze the petitioner's underlying claim of ineffective assistance of trial counsel. If the underlying claims have merit, then we will remand the case to allow the petitioner to more fully develop the layered analysis concerning appellate and any subsequent counsel. If, however, the underlying claims have no merit, then we will not remand as the petitioner will be unable to sustain any claims of ineffectiveness against appellate or subsequent counsel. *Commonwealth v. Edmiston,* 851 A.2d 883, 891–92 (Pa.2004) (citing *Commonwealth v. Rush,* 576 Pa. 3, 838 A.2d 651 (2003); and *Commonwealth v. McGill,* 574 Pa. 574, 832 A.2d 1014 (2003)) (discussing in detail the procedure to be used when a criminal defendant uses boilerplate language to assert ineffective assistance of appellate and PCRA counsel).

¶ 8 Turning to the merits of appellant's underlying claims of ineffectiveness of trial counsel, we note that the law surrounding ineffective assistance of counsel claims is well settled.

> [W]e begin with the presumption that counsel was effective. A claimant establishes ineffective assistance of counsel when he demonstrates that "[1] the underlying claim is of arguable merit; [2] that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate the appellant's interest; and finally, [3] that counsel's action or inaction was prejudicial to the client." For an action (or inaction) by counsel to be considered prejudicial to the client, there must be a "reasonable probability that the outcome of the proceedings would have been different." All three prongs of this test must be satisfied. If an appellant fails to meet even one prong of the test, his conviction will not be reversed on the basis of ineffective assistance of counsel.

*Commonwealth v. O'Bidos,* 849 A.2d 243, 249 (Pa.Super.2004) (citations omitted).

¶ 9 Appellant raises two claims of ineffective assistance of trial counsel: (1) failing to object and request a jury instruction regarding the introduction of evidence of malice;[1] and (2) failing to object and request a curative instruction regarding the introduction of evidence that appellant's photograph was on file with the police.[2]

---

1. This claim does not appear in appellant's original PCRA petition. Such claims are generally waived. Pa.R.A.P. 302(a). Appellant's claim, however, is written in such a way that the layered argument also includes a claim of ineffectiveness of PCRA counsel. Accordingly, we will review the merits of his claim.

2. We note that appellate counsel, *on direct appeal,* raised one issue regarding trial counsel ineffectiveness. "Was trial counsel ineffective for failing to object to the jury charge of murder in the first degree?" *Gonzalez,* unpublished memorandum, at 2 (quoting appellant's brief from his direct appeal, at 4).

¶ 10 To be convicted of first-degree murder, a person must kill with intent and with malice aforethought. *Commonwealth v. Ragan*, 560 Pa. 106, 743 A.2d 390, 400 (1999) (quoted in *Commonwealth v. Hamilton*, 766 A.2d 874, 877 n. 4 (Pa.Super.2001)).

> Malice has been defined as a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." "A finding of malice based on a 'recklessness of consequences' requires that a defendant be found to have consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury." Further, *malice may be inferred after considering the totality of the circumstances.*

*Commonwealth v. Thomas*, 440 Pa.Super. 564, 656 A.2d 514, 516 (1995) (citations omitted and emphasis added).

¶ 11 Appellant argues that his actions after he shot the victim were inadmissible and, therefore, trial counsel should have objected. After shooting the victim, appellant set fire to the van with the victim still inside the van. He claims that because these events occurred *after* the shooting, they are not admissible to prove malice. Appellant is incorrect. First, as noted above, malice is inferred from the totality of the circumstances, not just the circumstances occurring before and during the shooting. Actions of the accused that occur before, during, *and* after are admissible as evidence to show malice. *See Commonwealth v. Kaster*, 300

Pa.Super. 174, 446 A.2d 286, 287 (1982). Further, actions that attempt to conceal a crime or destroy evidence are also admissible to prove malice. *Commonwealth v. Dollman*, 518 Pa. 86, 541 A.2d 319, 322 (1988). Finally, we note that such acts are admissible as evidence of consciousness of guilt. *Commonwealth v. Pestinikas*, 421 Pa.Super. 371, 617 A.2d 1339, 1347–48 (1992); *Commonwealth v. Soli*, 273 Pa.Super. 158, 417 A.2d 216, 219 (1979). Accordingly, trial counsel was not ineffective for failing to object to the admission of appellant's actions after he shot the victim or for failing to request an instruction that the jury not consider appellant's actions as evidence of malice.

¶ 12 Appellant next contends that evidence of a photo identification and multiple home addresses of appellant were inadmissible and that trial counsel failed to object, or in the alternative, ask for a curative instruction. Appellant argues that,

> [t]he only thing this testimony [of the photo ID] established was that Appellant had prior contact with the homicide division, but counsel did not object or request precautionary instruction.

> In addition, testimony that the homicide detectives possessed five addresses for Appellant was also elicited. Still, counsel did not object or request precautionary instruction.

Appellant's brief, at 13. Appellant infers that the rule prohibiting evidence of prior bad acts causes the evidence that police had his photograph on file and had five different addresses for him to be inadmissible.[3]

---

**3.** This inference is tenuous at best. Appellant does not cite to the Pennsylvania Rules of Evidence or even use the words "prior bad acts" in his brief. His argument is couched in terms of relevancy: that the evidence is irrelevant because it served no purpose. This argument clearly fails. Appellant's argument,

however, does imply that the evidence is inadmissible because it permitted the jury to infer "prior contact with homicide investigators unrelated to the trial." Appellant's brief, at 15. This phrase challenges whether the evidence was properly admitted against the backdrop of prior bad acts. We therefore

¶ 13 Trial counsel (and all subsequent counsel) were not ineffective for failing to object to the photograph identification and the addresses. First, the photograph and addresses do not indicate any prior acts (bad or otherwise). All the evidence showed was that the police previously obtained appellant's photograph and had multiple addresses for appellant. How the police came into possession of these items was not discussed at trial.

¶ 14 Further, even if we were to assume that the photograph and addresses were evidence of a prior bad act, prior bad acts, generally inadmissible, Pa.R.E. 404(b)(1), may be admissible if the acts or other crimes are "introduced to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design ...; or (5) to establish the identity of the person charged ...." *Commonwealth v. Lark*, 518 Pa. 290, 543 A.2d 491, 497 (1988) (citing *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981)). *See also* Pa.R.E. 404(b)(2). Evidence of the photo identification at the police station and of the multiple addresses given for appellant were nothing more than evidence to establish identity.

¶ 15 Finally, a mere passing reference to the photographic identification and that police had multiple addresses for appellant does not amount to error, *per se. Commonwealth v. Young*, 849 A.2d 1152, 1156 (Pa.2004). "Instead, it is only those references that expressly or by reasonable implication also indicate some involvement in prior criminal activity that rise to the level of prejudicial error." *Id.* No mention was made of how the police obtained the photographs, and after a review of the trial transcript, we believe that the mention of the photographs and the addresses was not prejudicial to appellant. We therefore believe that trial counsel was not ineffective for failing to object or request a curative instruction.

¶ 16 Appellant's final argument (Point III) contends that the PCRA court erred when it allowed PCRA counsel to withdraw. Essentially, appellant argues that neither PCRA counsel nor the PCRA court addressed his additional issue raised in appellant's "OBJECTIONS TO FINLEY LETTER OF SEPTEMBER 8, 2003, AND MOTION FOR THE COURT TO RESUME WITH PCRA PROCEEDING."[4]

¶ 17 In this response and motion, appellant raises the following issue:

> ALL PRIOR COUNSEL'S [*sic*] FAILURE TO REQUEST COURT INQUIRE WHETHER JURORS COULD PUT ASIDE TESTIMONY THAT DEFENDANT'S PHOTO AND ADDRESSES WERE AT HOMICIDE DIVISION AT 8TH AND RACE AND CONDUCT A FAIR TRIAL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL, THEREBY SO UNDERMINING THE TRUTH-DETERMINING PROCESS THAT NO RELIABLE ADJUDICATION OF GUILT OR INNOCENCE COULD HAVE TAKEN PLACE.

Objections to Finley Letter, filed by appellant, at 6. Appellant raised this issue in his initial *pro se* PCRA petition. Accordingly, PCRA counsel's *Finley* letter and the PCRA court's opinion addressed this issue.

---

proceed to analyze the issue with this in mind.

4. The certified record does not contain this motion. Appellant, however, includes a copy of the motion in his reproduced record. Considering the totality of the circumstances, we will proceed to review this issue on its merits.

¶ 18 Appellant also mentions in his petition that he needed PCRA counsel's assistance to obtain medical and psychiatric files and to negate specific intent. Appellant, however, raised a challenge to the sufficiency of the evidence on direct appeal, and in particular challenged the finding of specific intent. We found that the evidence was sufficient to support a verdict of first-degree murder even with appellant's intoxication defense. *Gonzalez,* unpublished memorandum at 4–5. Even if a response was required, we find no error because appellate counsel litigated this issue.

¶ 19 Since the underlying claims of ineffective assistance of trial counsel are without merit, appellant failed to satisfy the first part of the test for ineffective assistance of trial counsel. Because appellant cannot show that trial counsel was ineffective, he is unable to show that appellate or PCRA counsel were ineffective for failing to raise trial counsel's ineffectiveness. Therefore, we affirm the order of the trial court dismissing appellant's PCRA petition.

¶ 20 Order AFFIRMED.

¶ 21 Dissenting Statement by P.J.E. McEWEN.

McEWEN, P.J.E., Dissenting.

¶ 1 While the author of the majority Opinion has undertaken a careful analysis and provides a perceptive expression of rationale, I am compelled to a differing position. This Court, in *Commonwealth v. Hampton,* 718 A.2d 1250 (Pa.Super.1998), in an Opinion by our esteemed colleague Judge Justin M. Johnson, decreed that "every post-conviction litigant is entitled to 'at least one *meaningful* opportunity to have issues reviewed, at least in the context of an ineffectiveness claim.' " *Id.* at 1252 (emphasis in original) (citations omit-

ted), *quoted in, Commonwealth v. Karanicolas,* 836 A.2d 940, 945 (Pa.Super.2003).

¶ 2 As set out by the Majority, appellant in this case filed a petition for relief under the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, and thereby initiated the proceedings that culminated in the present appeal. Although counsel was appointed to assist appellant, that attorney ultimately filed in the trial court a "no merit" letter pursuant to *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988), and was granted permission to withdraw. Appellant then initiated this appeal in which, by necessity, he appears *pro se.* Appellant, in his brief, sets out two claims of alleged ineffectiveness of prior counsel and one claim that the trial court erred in allowing appointed counsel to withdraw. Although the Majority finds no merit to any of the issues raised by appellant, I am compelled to disagree.

¶ 3 As a PCRA petitioner, appellant is entitled to the assistance of counsel for his first PCRA petition, and any appeal therefrom. *Commonwealth v. Smith,* 572 Pa. 572, 584, 818 A.2d 494, 500–501 (2003); *Commonwealth v. Porter,* 556 Pa. 301, 314 n. 3, 728 A.2d 890, 896 n. 3 (1999), *citing Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693 (1998); *Commonwealth v. Quail,* 729 A.2d 571, 573 (Pa.Super.1999). While that right to counsel is not absolute, appointed counsel has the duty "to *diligently* and *competently* represent the client until his or her appearance is withdrawn." *Commonwealth v. Librizzi,* 810 A.2d 692, 693 (Pa.Super.2002) (emphasis supplied). The conditions governing the right of PCRA counsel to withdraw from representing his or her client are well defined:

> [C]ounsel may withdraw at any stage of collateral proceedings if, in the exercise of his or her professional judgment,

counsel determines that the issues raised in those proceedings are meritless and if the post-conviction court concurs with counsel's assessment. *Commonwealth v. Bishop*, 435 Pa.Super. 211, 645 A.2d 274 (1994)....

\*　　\*　　\*　　\*　　\*　　\*

In [*Commonwealth v.*] *Turner,* our Supreme Court endorsed an independent review by the PCRA Court as an appropriate follow-up to counsel's "no-merit" letter filed at that level. *Commonwealth v. Mosteller,* 430 Pa.Super. 57, 633 A.2d 615, 617 (1993).

The independent review necessary to secure a withdrawal request by counsel requires proof that:

> PCRA counsel, in a "no-merit" letter, has detailed the nature and the extent of his review;
>
> PCRA counsel, in the "no-merit" letter, lists each issue the petitioner wishes to have reviewed;
>
> PCRA counsel must explain, in the "no-merit" letter, why petitioner's issues are meritless;
>
> The PCRA court must conduct its own independent review of the record; and
>
> The PCRA court must agree with counsel that the petition is meritless.

633 A.2d at 617.... The PCRA Court's decision is then subject to appellate scrutiny to assure that these constraints have been followed. *Mosteller,* 633 A.2d at 617.

*Commonwealth v. Glover,* 738 A.2d 460, 463–464 (Pa.Super.1999).

¶ 4 While counsel in this case did observe the formalities of submitting a *Finley* letter and of advising appellant of his post-*Finley* rights, I cannot agree that this *Finley* letter evinced a diligent and competent review of the record.

¶ 5 Moreover, I am unable to agree with the conclusion of appointed counsel, and the trial court, that there is no merit to the claim that trial counsel was ineffective for failing to object to the Commonwealth's reference to the police photographs and appellant's multiple addresses. The record reveals that appellant was already well known to the witnesses who reported this shooting to the police, and there was no need for them to peruse police photographs in order to identify him. Importantly, the defense of appellant at trial was not misidentification, or even denial, but the absence of malice. Under these facts the use by the Commonwealth of the police photographs served no other purpose than to prejudicially signal to the jury that appellant was previously known to the homicide division of the Philadelphia Police Department. Such prejudicial information, while in some cases unavoidable, could have been kept from the jury in this case had trial counsel interposed a timely objection. At a minimum, appellant was entitled to have this matter further explored in a PCRA evidentiary hearing.

¶ 6 I, therefore, would reverse the order of the trial court, and remand this case for appointment of new counsel to assist appellant in the prosecution of this collateral attack.