J-S43014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee<br><br>v.<br><br>LAURENN HARVIN<br><br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br>No. 2521 EDA 2013 |

Appeal from the PCRA Order August 16, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1107251-2004
CP-51-CR-1107261-2004

BEFORE: GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.: **FILED AUGUST 05, 2014**

Appellant, Laurenn Harvin,[1] appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[2] We affirm.

The PCRA court opinion sets forth the relevant facts and procedural history of this case as follows:

> On June 14, 2004, the [victims], Braheem Golphin and Michael Mayberry, were sleeping in Mr. Golphin's residence located at 838 North 43rd Street, Philadelphia, Pennsylvania. At approximately [4:07 a.m.], Mr. Golphin

_____

[1] We note Appellant's first name is variously spelled as "Laurenn" and "Lauren" throughout the certified record.

[2] 42 Pa.C.S.A. §§ 9541-9546

_____

*Former Justice specially assigned to the Superior Court.

was awakened by three men standing in his bedroom demanding money. After telling the men that he did not have any money, Mr. Golphin was shot once in the right shinbone by co-defendant, Elijah Miller. Due to the noise emanating from Mr. Golphin's room, Mr. Mayberry was awakened. He walked towards the room, observed one male, Miller, at the foot of Mr. Golphin's bed, while the other male, co-defendant Keon Sloan, was standing over the bed. Mr. Mayberry observed a third male, Appellant, sitting in the hallway closet next to Mr. Golphin's bedroom.

Elijah Miller subsequently made eye contact with Mr. Mayberry, raised his gun toward Mr. Mayberry and began shooting. Sloan, then, turned the gun on Mr. Golphin and shot at him until the gun was emptied. During this time, as Mr. Mayberry attempted to take cover in his bedroom, he was shot by one of the assailants. Mr. Mayberry was able to overtake one of the men and strip him of the gun. Another one of Mr. Mayberry's attackers walked in, stood over Mr. Mayberry, and shot him multiple times. Mr. Mayberry was shot a total of thirteen times throughout his entire body. Mr. Mayberry remained in a coma for two months following the incident and is now permanently disabled.

All of the assailants were known to Mr. Golphin from the neighborhood; they were originally identified by their street names of "Laj," "Hove,"[1] and "Pony". Hove, later identified as [Appellant], was identified by both...Mr. Mayberry and Mr. Golphin, and arrested on June 17, 2004.

[1] At times spelled "Hoag" instead of "Hove" in the notes of testimony.

*    *    *

On October 7, 2005, Appellant...was found guilty of Attempted Murder—18 Pa.C.S.A. § 2502, Aggravated Assault—18 Pa.C.S.A. § 2702, Burglary—18 Pa.C.S.A. § 3502, Violation of Uniform Firearms Act—18 Pa.C.S.A. § 6106, Possession of an Instrument of Crime—18 Pa.C.S.A. § 907, and Criminal Conspiracy—18 Pa.C.S.A. § 903, following a jury trial. On January 31, 2006, Appellant was sentenced to 33½ to 67 [years'] incarceration.

On [November 27, 2007], the Pennsylvania Superior Court affirmed Appellant's conviction. On May 23, 2008, [Appellant] filed [his first] *pro-se* petition under the [PCRA]. On June 12, 2009, Appellant's right to file an *allocatur* [petition] to the Pennsylvania Supreme Court was reinstated. The Pennsylvania Supreme Court denied Appellant's petition for an allowance of appeal on November 24, 2009. On February 27, [2010], Appellant, thereafter, presented his supplemental PCRA petition.

On April 18, 2011, [the PCRA court] entered an order dismissing Appellant's PCRA petition. On [May 6, 2011], Appellant filed a timely appeal to the Superior Court…. On January 23, 2013, the Superior Court remanded the case for an evidentiary hearing to resolve the outstanding issues concerning competing factual contentions regarding the availability of Appellant's alibi witness at the time of trial. An evidentiary hearing pursuant to the Superior Court's ruling was held before the Honorable Karen Shreeves-Johns on August 16, 2013. Following the evidentiary hearing, th[e] [c]ourt dismissed…Appellant's PCRA petition. Appellant filed a notice of appeal…on September [3], 2013.

(PCRA Court Opinion, filed October 31, 2013, at 1-3) (internal citations omitted). Subsequently, Appellant voluntarily filed a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue for our review:

WAS THE TRIAL DEFENSE COUNSEL INEFFECTIVE IN FAILING TO CALL THE ALIBI WITNESS, NICOLE LYNN?

(Appellant's Brief at 2).

Appellant claims his girlfriend, Nicole Lynn, was ready, able, and willing to testify during trial that Appellant spent the night with her on June 14, 2004. Appellant asserts trial counsel informed Ms. Lynn that her

testimony was not necessary, and that she should go home. Appellant maintains there is a reasonable probability the jury would not have convicted Appellant if the jury had heard this testimony. Appellant concludes trial counsel was ineffective for failing to call Ms. Lynn as an alibi witness, and this Court should reverse the PCRA court's order denying relief and grant Appellant a new trial. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Wright**, 935 A.2d 542 (Pa.Super. 2007). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. **Commonwealth v. Knighten**, 742 A.2d 679, 682 (Pa.Super. 1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000).

The law presumes counsel has rendered effective assistance. **Commonwealth v. Gonzalez**, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). When asserting a claim of ineffective assistance of counsel, the petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel

had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Kimball**, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. **Gonzalez**, **supra**.

To establish counsel's ineffectiveness for failure to call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of [her]; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness. Further, ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense.

**Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa.Super. 2004), *appeal denied*, 580 Pa. 696, 860 A.2d 123 (2004) (quoting **Commonwealth v. Khalil**, 806 A.2d 415, 422 (Pa.Super. 2002), *appeal denied*, 572 Pa. 754, 818 A.2d 503 (2003)) (internal citations omitted).

Instantly, the PCRA court addressed Appellant's issue as follows:

> Although Appellant maintains that Ms. Lynn was ready, willing and able to testify as an alibi witness at his trial, the testimony of Appellant's trial counsel, at the evidentiary hearing, as well as Ms. Lynn's actions and

contradictions, suggests the exact opposite. This [c]ourt found [defense counsel] Mr. Keaney's testimony more credible because from the inception of the case Mr. Keaney has exemplified his efforts to call Ms. Lynn as an alibi witness. Mr. Keaney first learned about Ms. Lynn's existence as an alibi witness from Appellant. Mr. Keaney acted as any prudent attorney would by hiring an investigator to ascertain the viability of Ms. Lynn as an alibi witness. Once Mr. Keaney received a favorable report from the investigator, he demonstrated his intention to call Ms. Lynn as a witness by notifying the Commonwealth that he had a potential alibi witness.

Subsequently, Mr. Keaney had a conversation with Ms. Lynn on the first day of trial regarding her prospective testimony. Notwithstanding the slight deviation from the story she relayed in the investigator's report, Mr. Keaney still intended to call her as a witness in the trial and did so on October 5, 2005, when she failed to appear. Contrary to Appellant and Ms. Lynn's testimony at the evidentiary hearing that Mr. Keaney did not call Ms. Lynn as an alibi witness because he no longer needed her testimony, Mr. Keaney asked this [c]ourt for a continuance for the sole purpose of locating his alibi witness.

Once he spoke to Ms. Lynn, Mr. Keaney discovered that she had once again changed her story by stating that she and Appellant slept in separate rooms on the night of the incident. It would have been reasonable for Mr. Keaney to conclude that Ms. Lynn's testimony would hurt Appellant's case rather than bolster it. Mr. Keaney made all efforts to get Ms. Lynn to testify, however, Ms. Lynn's inconsistent stories and her failure to appear on the day she was called to testify demonstrate that she was not ready, willing, and able to testify, and as such, Mr. Keaney's decision [not to] call her as a witness was reasonable.

Because this [c]ourt found that Mr. Keaney's decision not to call Ms. Lynn as a trial witness was reasonable, Appellant has failed to establish his claim of ineffective assistance of counsel.

(PCRA Court Opinion at 7-8). Our review of the record confirms the PCRA

court's findings. In light of the applicable scope and standard of review, we accept the PCRA court's credibility determination. ***See Boyd, supra; Knighten, supra***. Ms. Lynn was not ready, willing, and able to testify when defense counsel called her as a witness on October 5, 2005. ***See O'Bidos, supra***. Further, defense counsel did not call Ms. Lynn as a witness the following day because Ms. Lynn changed her story yet again. In her newest version of events, Ms. Lynn could not adequately account for Appellant's whereabouts throughout the night of the incident. Trial counsel had a reasonable, strategic basis for ultimately deciding not to call Ms. Lynn as an alibi witness. ***See Kimball, supra***. Trial counsel proceeded in a manner designed to effectuate his client's interests. Thus, Appellant failed to satisfy the three-prong test for ineffective assistance of counsel. ***See id.*** Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014