J-S32012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN DAVIS | : | |
| | : | |
| Appellant | : | No. 2085 EDA 2016 |

Appeal from the PCRA Order June 2, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0004809-2011

BEFORE:   GANTMAN, P.J., STABILE, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED JUNE 26, 2017**

Appellant, Stephen Davis, appeals from the order entered in the Bucks County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court opinion fully sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them. The court ordered Appellant on July 5, 2016, to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b); and Appellant timely complied on July 21, 2016.

Appellant raises two issues for our review:

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

DID THE [PCRA] COURT [ERR] BY DENYING APPELLANT'S CLAIM FOR PCRA RELIEF WHEN TRIAL COUNSEL FAILED TO CALL CHARACTER WITNESSES ON APPELLANT'S BEHALF?

DID THE [PCRA] COURT [ERR] BY DENYING APPELLANT'S CLAIM FOR PCRA RELIEF WHEN APPELLANT UNKNOWINGLY AND INVOLUNTARILY WAIVED HIS CONSTITUTIONAL RIGHT TO TESTIFY BASED UPON TRIAL COUNSEL'S UNREASONABLE ADVICE AND WITHOUT SUFFICIENT CONSULTATION WITH EFFECTIVE ASSISTANCE OF COUNSEL?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Abu-Jamal*, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. *Id.*

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for counsel's errors and omissions, there is a reasonable probability the outcome of the proceedings would have been different. ***Id.*** "The petitioner bears the burden of proving all three prongs of the test." ***Id.*** "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." ***Commonwealth v. Steele***, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey L. Finley, P.J., we conclude Appellant's issues merit no relief. The PCRA court

opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed August 4, 2016 at 8-12) (finding: **(1)** Appellant conceded he knew he could call character witnesses after discussing it with trial counsel; Appellant claimed he gave counsel specific names and numbers of character witnesses, but trial counsel contradicted Appellant's statements and counsel's file contained no list of potential character witnesses; Appellant's mother was only potential character witness to testify at PCRA hearing; Appellant's mother indicated she was willing and able to testify at trial concerning Appellant's reputation in community as a non-violent, peaceful person; counsel did not call any character witness to testify about Appellant's reputation in community for peacefulness due to concern that Commonwealth would highlight extent of Victim's severe injuries and character witness' testimony would do nothing to explain how Victim sustained such severe injuries; trial counsel did not call character witness to testify about Appellant's reputation in community as law-abiding because Commonwealth was prepared to introduce Appellant's prior convictions; trial counsel had reasonable strategic basis for not calling character witnesses during trial; additionally, Appellant failed to provide additional character witnesses, besides his mother, who were available and willing to testify; **(2)** Appellant admitted he understood he had right to testify and that trial court colloquied him; trial counsel advised Appellant not to testify because Appellant's statement to police already provided

Appellant's version of events, which jury heard; Appellant would face cross-examination on his prior *crimen falsi* convictions if he testified; Appellant's girlfriend/co-defendant also testified, and her account of events was consistent with Appellant's theory of case; counsel had reasonable strategic basis for advising Appellant not to testify; Appellant heeded counsel's advice; therefore, Appellant's ineffective assistance of counsel claims merit no relief). The record supports the PCRA court's rationale. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2017