J-A10039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT LEE WEGEMER | |
| Appellant | No. 732 WDA 2015 |

Appeal from the PCRA Order April 13, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002267-2011

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

MEMORANDUM BY GANTMAN, P.J.:                   **FILED OCTOBER 6, 2016**

Appellant, Robert Lee Wegemer, appeals from the order entered in the Erie County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. Appellant was friends with the victim's father. While babysitting the victim in June 2010, Appellant removed the victim's clothes and had vaginal intercourse with her. The victim was nine years old at the time. A jury convicted Appellant of rape of a child, sexual assault, indecent assault, endangering welfare of children ("EWOC"), and corruption of minors. On November 20, 2012, the court sentenced Appellant to a term of ten (10) to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

twenty (20) years' incarceration for rape of a child, a consecutive term of nine (9) to twenty-four (24) months' incarceration for EWOC, and concurrent terms of nine (9) to twenty-four (24) months' incarceration for indecent assault and corruption of minors. The sexual assault conviction merged for sentencing. This Court affirmed the judgment of sentence on October 8, 2013. *See Commonwealth v. Wegemer*, No. 1984 WDA 2012, unpublished memorandum (Pa.Super. filed October 8, 2013). Appellant timely filed a counseled PCRA petition on October 6, 2014. On January 28, 2015, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. On February 6, 2015, Appellant filed a motion for reconsideration along with a motion to amend and/or supplement the PCRA petition. Following a hearing, the court denied Appellant's motions and PCRA petition on April 13, 2015. Appellant timely filed a notice of appeal on May 5, 2015. The court did not order Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issue for our review:

> WHETHER…THE [PCRA] COURT ERRED IN DISMISSING…APPELLANT'S MOTION TO AMEND PETITION FOR RELIEF UNDER THE POST CONVICTION RELIEF ACT PURSUANT TO PA.R.[CRIM.]P. 905 AND/OR SUPPLEMENTAL PETITION FOR RELIEF UNDER THE POST CONVICTION RELIEF ACT DUE TO A CHANGE IN THE LAW AND MOTION FOR RECONSIDERATION OF OPINION AND NOTICE OF INTENT TO DISMISS PCRA WITHOUT [A] HEARING PURSUANT TO PENNSYLVANIA RULE OF CRIMINAL PROCEDURE 907(1) WHEN TRIAL COUNSEL

RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL TO APPELLANT FOR FAILING TO CALL AVAILABLE CHARACTER WITNESSES ON BEHALF OF APPELLANT AT TRIAL, ESPECIALLY IN LIGHT OF THE FACT THAT THERE WERE ONLY TWO DIRECT WITNESSES INVOLVED (THE ALLEGED VICTIM, M.H. AND…APPELLANT)[,] CONSEQUENTLY, THE CREDIBILITY OF THE WITNESSES WAS OF PARAMOUNT IMPORTANCE?

(Appellant's Brief at 6).[2]

Appellant argues several potential character witnesses were available and prepared to testify at trial regarding Appellant's reputation in the community as a law-abiding citizen. Appellant maintains he informed defense counsel of the existence of the witnesses before trial but counsel dismissed them as "worthless." Appellant claims four of the five witnesses in question were present at trial to support Appellant. Appellant asserts character witness testimony was crucial in this case because the evidence mainly consisted of the conflicting accounts of Appellant and the victim. Appellant contends counsel was ineffective for failing to call the witnesses or to request their names and investigate further before deciding against their use. Appellant concludes he is entitled to a new trial. We disagree.

_____

[2] Appellant's stated issue also complains the court refused to allow him to amend his PCRA petition based on a change in the law. Appellant devotes his entire brief, however, solely to argument and discussion of his ineffective assistance of counsel claim regarding character witnesses. Moreover, we observe our Supreme Court's recent decision in **Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 9, 2016), which held that **Alleyne v. U.S.**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) does not apply retroactively for purposes of collateral attacks on mandatory minimum sentences.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Wright***, 935 A.2d 542 (Pa.Super. 2007). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. ***Commonwealth v. Knighten***, 742 A.2d 679, 682 (Pa.Super. 1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). When asserting a claim of ineffective assistance of counsel, the petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Gonzalez***, ***supra***.

To establish counsel's ineffectiveness for failure to call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness. Further, ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense.

***Commonwealth v. O'Bidos***, 849 A.2d 243, 249 (Pa.Super. 2004), *appeal denied*, 580 Pa. 696, 860 A.2d 123 (2004) (quoting ***Commonwealth v. Khalil***, 806 A.2d 415, 422 (Pa.Super. 2002), *appeal denied*, 572 Pa. 754, 818 A.2d 503 (2003)) (internal citations omitted).

Pennsylvania Rule of Evidence 404 provides in relevant part:

**Rule 404. Character Evidence; Crimes or Other Acts**

**(a) Character Evidence.**

*(1) Prohibited Uses.* Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

*(2) Exceptions for a Defendant or Victim in a Criminal Case.* The following exceptions apply in a criminal case:

(A) a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it[.]

* * *

Pa.R.E. 404(a).

> Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. Such evidence must relate to a period at or about the time the offense was committed…and must be established by testimony of witnesses as to the **community** opinion of the individual in question, not through specific acts or mere rumor. In a rape case, evidence of the character of the defendant would be limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order.

***Commonwealth v. Lauro***, 819 A.2d 100, 109 (Pa.Super. 2003), *appeal denied*, 574 Pa. 752, 830 A.2d 975 (2003) (internal citations and quotation marked omitted).

Instantly, Appellant attached to his PCRA petition the affidavits of five individuals who stated they would have testified at trial regarding Appellant's reputation in the community as law-abiding. At the PCRA hearing, Appellant testified that several months before trial, he had discussions with defense counsel about witnesses who could testify for the defense. Appellant stated:

> A.    I presented I have character witnesses to [defense counsel]. I did not use the word character. I used the word witnesses. I paused for a second when [defense counsel] asked what type.
>
> * * *
>
> Q.    And what did [defense counsel] say to that?

- 6 -

A.      He said, character witnesses?  I said, yes.  He said that, no, they don't do any good.  They're worthless.  And who cares if I fixed someone's lawn mower, a neighbor's lawn mower.

Q.      And did you give him names of potential people that could be character witnesses on your behalf?

A.      I wasn't afforded the opportunity to.

(N.T. PCRA Hearing, 3/12/15, at 6).  On cross-examination, Appellant testified as follows:

Q.      So, [Appellant], you're saying you bring up to [defense counsel] you have witnesses?

A.      Yes.

Q.      You just say that six or seven months prior to trial?

A.      Yes.

Q.      And you didn't give him these names, did you?

A.      No.

Q.      And you didn't tell these people to contact [defense counsel], did you?

A.      No.

Q.      In fact, they didn't even show up for the trial, did they?

A.      Yes, some did.

*      *      *

Q.      Okay.  And you didn't tell your attorney, these are the people I wanted, they are sitting in the back of the courtroom, did you?

> A.      No.

*Id.* at 8.  Defense counsel testified at the PCRA hearing as follows:

> Q.      [D]o you recall [Appellant] asking you to call character witnesses for him at trial?
>
> A.      I do not.
>
> *      *      *
>
> Q.      At no time did [Appellant] mention these [witnesses'] names to you?
>
> A.      Not that I recall.  I do not recall having any specific conversation about calling character witnesses. And listening to [Appellant's] testimony about—I heard him say something about a lawn mower.  I do recall a conversation.  He said that his neighbor could testify that he was friendly, that he was—would help people and that he would fix somebody's lawn mower for them without paying him.  And I explained to [Appellant] that really was not an issue for trial and would not be relevant or admissible by the judge.   That's really the only conversation I recall about other witnesses.  …
>
> *      *      *
>
> Q.      So your testimony is he didn't give you any specific names [or] addresses?
>
> A.      I do not recall that.  I looked through my file.  I did not see any notes about addresses.  …
>
> *      *      *
>
> Q.      During the trial at no time did [Appellant] direct your attention to individuals sitting in the gallery that were there for him other than the mother and the sister?
>
> A.      I do not believe so.
>
> Q.      Do you recall anyone coming up to you identifying themselves as any of the names that I've mentioned?

A.      No.   I mean, somebody may have said or [Appellant] may have said that he had a co-worker, was here to watch the trial or there in support of [Appellant], but I was never asked or told there were people present that were wanting to testify for [Appellant].

*   *   *

Q.      And had he given you these names and addresses, you would have interviewed these individuals as character witnesses?

A.      I certainly would have talked to them, yes.

*Id.* at 15-18. Based on this testimony, the PCRA court found Appellant did not inform defense counsel of the identities or contact information of the prospective character witnesses, and defense counsel was not aware of their existence. The record supports the court's conclusions. To the extent Appellant testified that counsel abruptly rejected the possibility of using any character evidence, the court was free to disbelieve that testimony. **See Knighten, supra**. Thus, counsel was not ineffective for failing to call the alleged character witnesses. **See O'Bidos, supra**. Counsel acknowledged that Appellant mentioned during their pretrial discussions one potential witness, who would have testified that Appellant was "friendly" and fixed his lawnmower free of charge. Nevertheless, that testimony would have been irrelevant to whether Appellant had a reputation in the community as law-abiding or any other pertinent trait. Moreover, Appellant could not have introduced character evidence at trial through testimony regarding specific acts. **See Lauro, supra**. Therefore, the PCRA court properly determined

J-A10039-16

counsel had a reasonable basis for declining to call that witness. ***See***

***Kimball, supra***. Based on the foregoing, the court properly denied PCRA

relief. Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2016

- 10 -