J-S86040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TOM HAL CORNELISON, III | |
| Appellant | No. 891 WDA 2016 |

Appeal from the PCRA Order April 5, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000769-2011

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:            **FILED DECEMBER 5, 2016**

Appellant, Tom Hal Cornelison, III, appeals from the order entered in Cambria County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. In March 2011, Appellant was dating Dora Vetter.  On March 26, 2011, Appellant broke open the front door of Ms. Vetter's apartment while she was away.  Appellant caused additional property damage inside the apartment and left the residence in disarray.  A jury convicted Appellant of burglary, criminal trespass, and criminal mischief.  The trial court sentenced Appellant

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

on July 19, 2012, to an aggregate term of twenty (20) to forty (40) months' incarceration. On June 7, 2013, Appellant filed a PCRA petition seeking reinstatement of his post-sentence and direct appeal rights *nunc pro tunc*, which the PCRA court granted. This Court affirmed the judgment of sentence on November 17, 2014. **See Commonwealth v. Cornelison**, No. 1913 WDA 2013, unpublished memorandum (Pa.Super. filed November 17, 2014).

On May 18, 2015, Appellant timely filed a *pro se* PCRA petition raising a multitude of claims challenging his sentence and the effectiveness of prior counsel. The PCRA court appointed counsel. Following an evidentiary hearing, the court granted in part and denied in part Appellant's PCRA petition on April 5, 2016. The court denied relief with respect to all issues except Appellant's claim that the trial court sentenced him based on an inadequate presentence investigation ("PSI") report and without stating reasons on the record for the sentence imposed.[2] The PCRA court's order directed the court administrator to schedule a resentencing hearing. The trial court resentenced Appellant on May 19, 2016, and re-imposed the same aggregate sentence of twenty (20) to forty (40) months' incarceration. Appellant filed a post-sentence motion on May 24, 2016, which the court denied on May 27, 2016. On June 1, 2016, Appellant filed a notice of appeal

_____

[2] The PCRA court's partial sentencing relief is not at issue in this appeal.

from the PCRA court's April 5, 2016 order denying other aspects of his petition. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

As a preliminary matter, the timeliness of an appeal is a jurisdictional question and this Court may raise the issue *sua sponte*. **Commonwealth v. Trinidad**, 96 A.3d 1031 (Pa.Super. 2014), *appeal denied*, 627 Pa. 758, 99 A.3d 925 (2014). "[T]he notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Absent extraordinary circumstances such as fraud or some breakdown in the processes of the court, this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

> In general, appeals are properly taken from final orders. **See** Pa.R.A.P. 341(b)(2) (stating…appeal lies from…order that "is expressly defined as a final order by statute[]"). … Pennsylvania Rule of Criminal Procedure 910 governs PCRA appeals and provides as follows.
>
> > An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.
>
> Pa.R.Crim.P. 910. By its plain text, Rule 910 has no exceptions. It is absolute.

**Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa.Super. 2015) (*en banc*)

(holding PCRA court's order, which granted defendant's sentencing claim and denied all other claims, was final appealable order; time to file appeal began to run on date of that order, rather than on date of resentencing).

Pennsylvania Rule of Criminal Procedure 908 governs the disposition of a PCRA petition following a hearing and provides in pertinent part:

**Rule 908.  Hearing**

\* \* \*

(E)  If the judge disposes of the case in open court in the presence of the defendant at the conclusion of the hearing, the judge shall advise the defendant on the record of the right to appeal from the final order disposing of the petition and of the time within which the appeal must be taken.  If the case is taken under advisement, or when the defendant is not present in open court, the judge, by certified mail, return receipt requested, shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.

Pa.R.Crim.P. 908(E).  *See also Commonwealth v. Meehan*, 628 A.2d 1151 (Pa.Super. 1993), *appeal denied*, 538 Pa. 667, 649 A.2d 670 (1994) (excusing untimeliness of appeal from denial of PCRA petition, where PCRA court failed to advise petitioner of his right to appeal pursuant to Rule 908(E)).

Instantly, the PCRA court entered an order granting in part and denying in part Appellant's PCRA petition on April 5, 2016.  A copy of the order was mailed to Appellant and Appellant's counsel on that same date.  The PCRA court's order disposed of all claims in Appellant's PCRA petition,

ending the PCRA proceedings. The fact that the order provided for resentencing did not toll the appeal period, as resentencing is a trial court function. Therefore, the April 5, 2016 order was final and immediately appealable. *See Gaines, supra*. The time to file an appeal from the order expired on May 5, 2016. *See* Pa.R.A.P. 903(a). Appellant filed his notice of appeal on June 1, 2016, shortly after the trial court denied his post-sentence motion following resentencing. Thus, Appellant's notice of appeal was facially untimely. Nevertheless, the certified record contains no indication that the PCRA court advised Appellant of his right to appeal from the April 5, 2016 order or the deadline for filing an appeal, as required by Pa.R.Crim.P. 908(E). The PCRA court's failure to comply with Rule 908 constituted a breakdown in the operations of the court, which excuses Appellant's late filing of his notice of appeal. *See Patterson, supra*; *Meehan, supra*. Under these circumstances, we decline to dismiss the appeal as untimely and proceed to address the issues raised in Appellant's brief.

Appellant raises the following issues for our review:

WHETHER TRIAL COUNSEL…PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM [APPELLANT] OF THE COMMONWEALTH'S PLEA OFFER TO CRIMINAL TRESPASS PRIOR TO PROCEEDING TO JURY TRIAL.

WHETHER TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE AT TRIAL BY:

A) FAILING TO CROSS-EXAMINE JUDITH LITKO REGARDING AN INCONSISTENT STATEMENT;

> B)     FAILING TO CROSS-EXAMINE [DORA] VETTER REGARDING WITNESS INTIMIDATION AND BRIBERY;
>
> C)     FAILING TO ADEQUATELY EXPLAIN THE UNAVAILABILITY OF AN "INTOXICATION DEFENSE" TO [APPELLANT] PRIOR TO TRIAL.

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We owe no deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). When asserting a claim of ineffective assistance of counsel, the petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Gonzalez*, *supra*.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Arthur T. McQuillan, we conclude Appellant's issues 1, 2(a), and 2(b) merit no relief. (*See* PCRA Court Opinion, filed April 5, 2016, at 1-6) (finding: **(1)** Appellant produced two copies of unsigned and unfiled plea agreement form stating, "[Appellant] will plead guilty to…Criminal Trespass"; counsel testified regarding his policy to notify clients of plea offers and his specific recollection that Appellant repeatedly proclaimed his innocence and strong interest in going to trial; Commonwealth corroborated counsel's testimony with letter from Appellant proclaiming his innocence and firm intent to proceed to trial, unless charges of burglary **and** criminal trespass were dropped; existence of unsigned, unfiled plea form does not prove counsel failed to inform Appellant of plea offer; further, Appellant was not prejudiced because counsel reasonably believed Appellant would refuse any plea offer based on his adamant proclamations of innocence and intent to proceed to trial; **(2a-b)** trial counsel questioned eyewitness Ms. Litko regarding how she knew Appellant as "the boy across the street," if she allegedly saw him for first time on night of incident; counsel also extensively cross-examined Ms. Vetter regarding alleged police intimidation and her continued profession

of love for Appellant after incident; Appellant incurred no prejudice where counsel thoroughly cross-examined witnesses on exact issues Appellant now claims went unaddressed at trial). Accordingly, we affirm those issues on the basis of the PCRA court opinion.

In issue 2(c), Appellant argues he believed the jury would acquit him of the burglary charge based on an intoxication defense. Appellant asserts trial counsel failed to advise Appellant that voluntary intoxication was not a viable defense. Appellant claims he was unaware of his mistaken belief until counsel's closing argument. Appellant concludes counsel's neglect constituted ineffective assistance. We cannot agree.

Instantly, at the PCRA evidentiary hearing, Appellant expressly narrowed his collateral challenges to sentencing issues and claims that trial counsel was ineffective for failing to (1) inform Appellant of a plea offer from the Commonwealth before trial; (2) confront Ms. Litko with a prior inconsistent statement; and (3) cross-examine Ms. Vetter regarding letters she wrote to Appellant after the incident. The court's April 5, 2016 order confirmed that Appellant had consented to dismissal of other claims initially raised in his PCRA petition. Therefore, Appellant abandoned any claim concerning trial counsel's failure to explain to Appellant before trial that an intoxication defense was unavailable to him.

Moreover, having abandoned this claim, Appellant offered no direct PCRA testimony that trial counsel had failed to discuss with Appellant the

unavailability of the defense.[3]  Likewise, Appellant elicited no testimony from trial counsel on the issue.  Thus, the record provides no grounds to conclude counsel was ineffective in this respect.  ***See Commonwealth v. Weiss***, 622 Pa. 663, 81 A.3d 767 (2013) (rejecting claim that trial counsel was ineffective for failing to request cautionary instruction, where PCRA petitioner did not question counsel on his reasons for forgoing request).  Consequently, Appellant is not entitled to relief with respect to issue 2(c).  Based on the foregoing, the court properly denied Appellant's PCRA petition.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

_____

[3] During cross-examination, Appellant stated the following in response to the question of whether he was asserting his innocence: "I was believed to be innocent because I was under the impression I had an intoxication defense and I had the affirmative defense to criminal trespass and I also indicated there that any sentence I would get would have to be concurrent." (N.T. PCRA Hearing, 10/22/15, at 28).  That statement constituted Appellant's sole reference to an intoxication defense and was unrelated to whether counsel advised him of the unavailability of the defense.

IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :  No. 769 – 2011

         vs.

TOM HAL CORNELISON, III,

         Defendant.

*************

APPEARANCES:

    For the Plaintiff:                SCOTT M. LILLY, ESQUIRE
                                  Chief Deputy, Appellate Division
                                  Office of the District Attorney

    For the Defendant:            ARTHUR T. MCQUILLAN, ESQUIRE

*************
## OPINION

    FLEMING, J., April 4, 2016.  This matter comes before the Court on a Petition under the Post Conviction Relief Act ["PCRA"] filed by Defendant, Tom Hal Cornelison, III, on May 18, 2015.  For the following reasons, Defendant's Petition will be GRANTED IN PART, DENIED IN PART, and DISMISSED IN PART.

### BACKGROUND

    On February 29, 2012, a jury found Defendant guilty of Burglary,[1] Criminal Trespass,[2] and Criminal Mischief.[3]  VERDICTS DATED FEB. 29, 2012.  Defendant filed a Motion for New Trial on July 12, 2012, arguing the jury's verdict went against the weight of the evidence.  MOTION FOR NEW TRIAL FILED FOR RECORD ON JUL. 12, 2012, ¶¶ 1-5.  On July 17, 2012, this Court denied Defendant's Motion.  ORDER DATED JUL. 17, 2012.

---

[1] 18 PA. C.S.A. § 3502(a).
[2] 18 PA. C.S.A. § 3503(a)(1)(ii).
[3] 18 PA. C.S.A. § 3304(a)(4).

On July 19, 2012, this Court sentenced Defendant to a term of incarceration for 20 to 40 months. VIDEO SENTENCE ORDERS DATED JUN. 19, 2012.[4] Defendant filed a Post-Sentence Motion for Relief on July 30, 2012, seeking an acquittal and new trial based on insufficiency of evidence to support the jury's verdict. POST-SENTENCE MOTION FOR RELIEF FILED FOR RECORD ON JUL. 30, 2012, ¶¶ 3, 10-12. On November 1, 2012, this Court denied Defendant's Motions. ORDER DATED NOV. 1, 2012.

Defendant filed his first PCRA Petition on June 7, 2013, claiming ineffective assistance of counsel and improper obstruction by government officials. PETITION FILED FOR RECORD ON JUN. 7, 2013, pg. 2. This Court appointed attorney Paul J. Eckenrode, granted Defendant's Petition, and reinstated Defendant's direct appeal rights. ORDERS DATED JUL. 5, 2013; AUG. 15, 2013; SEP. 5, 2013.

Defendant filed Post Sentence Motions seeking acquittal, a new trial, and modification of sentence based on excessiveness and credit for time served. POST SENTENCE MOTIONS FILED FOR RECORD ON SEP. 13, 2013. On November 7, 2013, this Court denied Defendant's Post Sentence Motion for Acquittal, New Trial, and Modification of Sentence based on excessiveness. ORDER DATED NOV. 7, 2013, ¶¶ 1-3. This Court deferred Defendant's Post Sentence Motion for Modification of Sentence based on credit for time served until Defendant submitted additional evidence and requested a hearing. *Id.* at ¶ 4.

Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania on November 21, 2013. NOTICE OF APPEAL FILED FOR RECORD ON NOV. 21, 2013. On appeal, Defendant claimed his convictions went against the weight of the evidence. CONCISE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL FILED FOR RECORD ON DEC. 13, 2013, ¶¶ 1-3. On November 17, 2014, the Superior Court affirmed this Court's judgment of sentence. *Comm. v. Cornelison*, No. 1913 WDA 2013, 2014 WL 10788841 (Pa. Super. 2014).

Defendant filed his second PCRA Petition on May 18, 2015. PETITION FILED FOR RECORD ON MAY 18, 2015. This Court appointed Attorney Arthur T. McQuillan as counsel on June 2, 2015; held a Pre-Trial Conference on September 17, 2015; and conducted a hearing on

---

[4] This Court notes that the Video Sentence Orders are incorrectly dated June 19, 2012, the original sentencing date. However, Defendant's sentencing was continued until July 19, 2012. *Compare* N.T. VIDEO CONFERENCE (JUN. 19, 2012) *with* N.T. SENTENCING (BY VIDEO CONFERENCE) (JUL. 19, 2012).

2

October 22, 2015. ORDERS DATED JUN. 2, 2015; AUG. 20, 2015; SEP. 17, 2015. The PCRA Hearing transcript was filed on November 23, 2015.

## DISCUSSION

In his Petition, Defendant claims multiple errors stemming from ineffective assistance of counsel and this Court's imposition of an excessive sentence. PETITION, pg. 2.[5] Defendant seeks a new trial, correction of sentence, and a "second chance to accept the Commonwealth's lapsed plea offer [of criminal trespass.]" *Id.* at 11.

In Pennsylvania, a petitioner is eligible for PCRA relief if he proves by a preponderance of the evidence, in pertinent part:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime[.]

(2) That the conviction or sentence resulted from one or more of the following:

\* \* \*

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

\* \* \*

(vii) The imposition of a sentence greater than the lawful maximum.

\* \* \*

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 PA. C.S.A. § 9543(a).

In his Petition, Defendant makes 50 allegations and presents seven pages of argument to support his claim of error of the imposition of a sentence greater than the lawful maximum. PETITION, pgs. 5-9, 14-21. At oral argument, Defendant narrowed his claims to three issues.[6]

---

[5] Page numbers refer to Defendant's Petition as submitted to and scanned by the Cambria County Clerk of Courts.
[6] *See* attached Order dated March 31, 2016, ¶ 4, dismissing Defendant's meritless or conceded claims.

3

## 1. **Ineffective Assistance of Counsel**

As a threshold matter, Defendant makes a layered claim of ineffective assistance of counsel. "Where claims of trial counsel ineffectiveness have already been, or could previously have been, litigated . . . the only way a petitioner can successfully mount a challenge to the effectiveness of counsel is to assert a 'layered' claim of ineffectiveness, establishing first that appellate counsel was ineffective in failing to challenge the effectiveness of trial counsel, which requires as a threshold matter that trial counsel was ineffective in the first instance." *Comm. v. Mason*, --- A.3d ---, 2015 WL 9485173, at *7-8 (Pa. Dec. 29, 2015) (quoting *Comm. v. Dennis*, 950 A.2d 945, 954 (Pa. 2008) (citation omitted)). In his Petition, Defendant alleges that his trial attorney, Ryan D. Gleason, failed to inform him and/or act on his behalf before, during, and after trial; and his first PCRA-appointed counsel, Paul J. Eckenrode, failed to raise Defendant's issues against Attorney Gleason on his direct appeal. PETITION, pgs. 5-9, 11. Thus, Defendant may be entitled to PCRA relief if he can prove ineffectiveness of both counsel, which would effectively circumvent any question of waiver. *See* 42 PA. C.S.A. §§ 9543(a)(3), 9544.

The Supreme Court of Pennsylvania outlined the test for ineffective assistance of counsel as follows:

> A defendant must plead and prove that: (1) the claim underlying the ineffectiveness claim has arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) counsel's actions resulted in prejudice to defendant.

*Comm. v. Fletcher*, 986 A.2d 759, 772 (Pa. 2009) (citations omitted).[7] Failure to establish any prong of the test defeats an ineffectiveness claim. *Comm. v. Walker*, 36 A.3d 1, 7 (Pa. 2011) (citations omitted). Therefore, if a petitioner fails to meet the prejudice prong of the ineffectiveness standard, then the claim may be dismissed on that basis alone. *Comm. v. Harris*, 852 A.2d 1168, 1173 (Pa. 2004) (citations omitted). Prejudice is defined as follows:

> [P]rejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. This probability is sufficient when it undermines confidence in the outcome of the proceeding. Counsel is presumed to have rendered constitutionally effective representation.

---

[7] The United States Supreme Court first enunciated this test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which the Pennsylvania Supreme Court recognized as the proper test under the Pennsylvania Constitution in *Comm. v. Pierce*, 527 A.2d 973 (Pa. 1987). Thus, it is also known as the Strickland/Pierce test.

4

*Comm. v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (quotation marks and citations omitted). In this case, Defendant fails to prove that any of his ineffective assistance of counsel claims resulted in actual prejudice.

For example, Defendant avers that Attorney Gleason was ineffective prior to trial by failing to inform him of the Commonwealth's plea offer for Criminal Trespass. PETITION, pgs. 4, 14. To prove Attorney Gleason's ineffectiveness based on his alleged failure to inform Defendant of a plea offer, Defendant has to demonstrate that "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby." *Comm. v. Chazin*, 873 A.2d 732, 735 (Pa. Super. 2005) (quoting *Comm. v. Copeland*, 554 A.2d 54, 61 (Pa. Super. 1988)).

In his Petition, Defendant provides two copies of a "Disposition under Rule 590 (B) of the Rules of Criminal Procedure" form providing that "Defendant will plead guilty to . . . Criminal Trespass" as proof that the Commonwealth offered a plea. PETITION, pgs. 23, 89. Defendant cites the absence of signatures from Defendant, Attorney Gleason, and the Commonwealth, as well as a claim that the form was not filed for record, as proof that Attorney Gleason failed to inform him of the plea offer. N.T. PCRA HEARING (OCT. 22, 2015), pgs. 5-7, 9-10. Attorney Gleason testified, however, about his policy to notify clients of plea offers and about his specific recollection of Defendant repeatedly proclaiming his innocence and interest in going to trial. N.T. PCRA HEARING (OCT. 22, 2015), pgs. 32-34. The Commonwealth corroborated Attorney Gleason's testimony by submitting a letter from Defendant proclaiming his innocence and firm intent to proceed to trial if *both* charges of Burglary and Criminal Trespass were not dropped. N.T. PCRA HEARING (OCT. 22, 2015), pgs. 26-27, COMMONWEALTH'S EX. NO. 1.

Thus, this Court finds that the existence of the unsigned, unfiled form does not prove that Attorney Gleason failed to inform Defendant of the plea offer. Specifically, this Court concludes that Defendant was not prejudiced because Attorney Gleason reasonably believed Defendant would refuse any plea offer based on Defendant's adamant proclamations of innocence and his intentions to proceed to trial. Therefore, this claim must fail.

5

Additionally, Defendant suggests that Attorney Gleason was ineffective at trial by failing to effectively prepare and present a defense, cross-examine Judith Litko regarding an inconsistent statement, and cross-examine Dora Vetter regarding witness intimidation and bribery. PETITION, pg. 4; N.T. PCRA HEARING (OCT. 22, 2015), pgs. 12-14, 21-22. Under the PCRA, a petitioner must prove that the "failure to litigate [an] issue prior to or during trial . . . could not have been the result of any rational, strategic or tactical decision by counsel." 42 PA. C.S.A. § 9543(a)(4).

In this case, Defendant failed to prove that Attorney Gleason acted without any rational, strategic, or tactical decision or that any prejudice resulted from his alleged ineffectiveness at trial. *Id.*; *Barnett*, 121 A.3d at 540. To the contrary, Attorney Gleason testified credibly and extensively about his correspondence with Defendant; his case preparation; and his belief that they "got along pretty well for the most part" and that Defendant was "pretty courteous and intelligent." N.T. PCRA HEARING (OCT. 22, 2015), pgs. 33-38. Moreover, the record reflects that Attorney Gleason cross-examined both Judith Litko and Dora Vetter on the issues Defendant now raises. *See* N.T. PCRA HEARING (OCT. 22, 2015), pgs. 33-38.

Specifically, Attorney Gleason questioned Ms. Litko regarding how she knew Defendant as "the boy across the street" if, as she testified, she had never seen him before the night of the alleged incident. N.T. JURY TRIAL (FEB. 29, 2012), pgs. 29-34. Attorney Gleason also extensively cross-examined Ms. Vetter regarding alleged police intimidation to prosecute and regarding her continued profession of love for Defendant after the incident. N.T. JURY TRIAL (FEB. 29, 2012), pgs. 61-75, 77-78.

Overall, this Court cannot find any prejudice where trial counsel thoroughly cross-examined the witnesses on identical issues Defendant now claims were not addressed at trial. *See e.g. Comm. v. Harris*, 852 A.2d 1168, 1174-1175 (Pa. Super. 2004) (finding no prejudice or basis for ineffectiveness from a failure to effectively cross-examine a witness where trial counsel cross-examined the witness on similar, although not identical, issues raised on appeal). Therefore, this Court will deny Defendant's Petition regarding these claims.

6

## 2.    **Credit for Time Served**

Defendant claims that both his trial counsel (Attorney Gleason) and his first PCRA attorney (Paul Eckenrode) provided ineffective assistance of counsel by failing to obtain his Somerset State Correctional Institution records to apply credit for time served to his Cambria County sentence and/or raise the issue on direct appeal. PETITION, pgs. 4, 7-9, 14-16. This Court declines to reach the merits of this issue because it lacks the authority to do so. Specifically, the Honorable John M. Cascio, then-President Judge of the Somerset County Court of Common Pleas, sentenced Defendant in pertinent part as follows:

> You are entitled to credit for time served from March 27, 2011, through May 14, 2012, a total of 415 days.
>
> Your having completed the entire amount of the sentence, I order that you are discharged from supervision having completed the full maximum 30-day sentence, and I recommend to the State Board of Probation and Parole or the Department of Corrections as appropriate to apply the balance of the credit in this matter, if appropriate, to the other sentences the defendant is currently serving for the County of Somerset.

SOMERSET COUNTY SENTENCE ORDER DATED NOV. 8, 2012 AT NO. 357 CRIMINAL 2010, pg. 2 (COURT'S EX. NO. 1. DATED OCT. 29, 2015). The above-referenced credit applied to Defendant's other Somerset County sentence of incarceration for 42 to 84 months, which Judge Cascio also imposed. SENTENCE ORDER DATED NOV. 22, 2011 AT NO. 358 CRIMINAL 2010, pg. 1 (COURT'S EX. NO. 1 DATED OCT. 29, 2015). The State Board of Probation and Parole or the Department of Corrections, not this Court, has authority to calculate and apply this credit to Defendant's Somerset County sentence. SENTENCE ORDER DATED NOV. 8, 2012 AT NO. 357 CRIMINAL 2010, pg. 2. This Court cannot order an agency of the Commonwealth to comply with another trial court's sentence.

Moreover, the PCRA does not provide a cognizable claim for Defendant's requested relief. *See e.g. Comm. v. Heredia*, 97 A.3d 392, 394-395 (Pa. Super. 2014) (explaining that a PCRA petition is not the proper method for contesting the Department of Corrections' calculation of sentence) (citation omitted). For these reasons, this issue will be dismissed.

7

### 3. Excessive Sentence

Defendant claims this Court abused its discretion by imposing a sentence of 20 to 40 months incarceration because Cambria County Adult Probation failed to contact Defendant to complete or review his Presentence Investigation ["PSI"] Report and because the trial court failed to state its reasons for Defendant's sentence on the record. PETITION, pgs. 5-7.

The Pennsylvania Sentencing Code outlines sentencing protocol, in pertinent part, as follows:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is *consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.* The court shall also consider *any guidelines for sentencing* [under section 2155 relating to publication of guidelines for sentencing]. In every case in which the court imposes a sentence for a felony . . . *the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.*

42 PA C.S.A. § 9721(b) (emphasis added).

On February 29, 2012, at the conclusion of trial, this Court entertained Defendant's requests to waive his physical presence at sentencing, to appear by video conference, and to waive his right to be sentenced within 90 days to accommodate the video conference schedule. N.T. JURY TRIAL (FEB. 29, 2012), pgs. 201-202. Defendant specifically stated, "I actually requested that, Your Honor. I would like to get back to the state prison as soon as possible." N.T. JURY TRIAL (FEB. 29, 2012), pg. 202. On March 2, 2012, this Court scheduled Defendant's sentencing via video conferencing and ordered a full PSI Report by June 5, 2012. ORDER DATED MAR. 3, 2012. At the June 19, 2012 sentencing, this Court acknowledged reviewing a PSI Report prepared by Cambria County Adult Probation. N.T. VIDEO CONFERENCE (JUN. 19, 2012), pg. 2. Defendant alleges that Cambria County Adult Probation completed the Report using information gathered by Somerset County Adult Probation for Defendant's PSI Report dated September 29, 2011 for Case No. 358-2010 in Somerset County. PETITION, pg. 6. Ultimately, this Court continued Defendant's sentencing until July 19, 2012, pending correction of Defendant's prior record score and resolution of issues regarding credit for time served and merger. N.T. VIDEO CONFERENCE (JUN. 19, 2012), pg. 15.

8

At Defendant's Video Sentencing on July 19, 2012, this Court acknowledged that it reviewed an updated PSI Report with the correct prior record score and guideline sentences. N.T. SENTENCING (BY VIDEO CONFERENCE) (JUL. 19, 2012), pg. 3; PRE-SENTENCE INVESTIGATION REPORT FILED FOR RECORD ON AUG. 17, 2012. This Court stated on the record that it "had the opportunity to review a [PSI Report] that was prepared by the Office of Adult Probation, sentencing guideline forms, and a defendant's presentence memorandum that was prepared by [Defendant's] attorney." N.T. SENTENCING (BY VIDEO CONFERENCE) (JUL. 19, 2012), pg. 3.

Following a thorough review of the record, this Court finds that the PSI Report was incomplete and inadequate to apprise this Court of the circumstances surrounding Defendant's conviction. For example, the Probation Office did not attach the referenced documents, i.e. the victim's statement, or incorporate updated information from Defendant in the *updated* PSI Report. *See* PRE-SENTENCE INVESTIGATION REPORT FILED FOR RECORD ON AUG. 17, 2012, pgs. 1-5. Thus, this Court could not properly sentence Defendant based on this insufficient information.

Additionally, this Court finds that it insufficiently stated its reasons for imposition of Defendant's sentence on the record. For example, this Court did not explain why the sentence was consistent with the protection of the public, took into account the impact the crime had on the victims, or considered the rehabilitative needs of defendant as required by the Sentencing Code. *See* N.T. SENTENCING (BY VIDEO CONFERENCE) (JUL. 19, 2012). This Court must correct Defendant's sentence by stating the reasons for the sentence on the record. Therefore, Defendant is entitled to post-conviction relief; and this matter will be scheduled for resentencing to correct the above-referenced errors.[8]

ACCORDINGLY, THE FOLLOWING ORDER IS ENTERED:

---

[8] This Court makes no determination whether Defendant's sentence will be modified, since he was sentenced within the standard minimum range of sentence on Count 1 (Burglary); received a concurrent sentence on Count 2 (Criminal Trespass); and was not sentenced on Count 3 (Criminal Mischief) pursuant to 18 Pa.C.S.A. §3502(d). N.T. SENTENCING (BY VIDEO CONFERENCE) (JUL. 19, 2012), pgs. 3-4, 14-16.

9

IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :   No. 769 – 2011
                                                            :
                              vs.                           :
                                                            :
TOM HAL CORNELISON, III,                                    :
                                                            :
              Defendant.                                    :

************

APPEARANCES:

For the Commonwealth:              SCOTT M. LILLY, ESQUIRE
                                   Chief Deputy, Appellate Division
                                   Office of the District Attorney

For the Defendant:                 ARTHUR T. MCQUILLAN, ESQUIRE

************

**ORDER**

**AND NOW**, this 4th day of April, 2016, it is hereby **ORDERED** and **DECREED** as follows:

1. Defendant's second or subsequent Petition for Post Conviction Relief filed for record on May 18, 2015 ["Petition"] is **GRANTED IN PART, DENIED IN PART, and DISMISSED IN PART**.

2. Defendant's claims of ineffective assistance of counsel are **DENIED**.

3. Defendant's claims regarding credit for time served and the related issues are **DISMISSED** in light of the Somerset County Sentence Order dated November 8, 2012 at No. 357 CRIMINAL 2010 and this Court's lack of authority to enforce said Order upon an agency of the Commonwealth.

4. Defendant's claims regarding the Court's sentencing protocol are **GRANTED**. The Court Administrator is **DIRECTED** to schedule a Resentencing Hearing within 45 days.

IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : No. 769 – 2011

vs. :

TOM HAL CORNELISON, III, :

Defendant. :

**************

APPEARANCES:

For the Commonwealth: SCOTT M. LILLY, ESQUIRE
Chief Deputy, Appellate Division
Office of the District Attorney

For the Defendant: ARTHUR T. MCQUILLAN, ESQUIRE

**************

## ORDER

**AND NOW**, this 4th day of April, 2016, it is hereby **ORDERED** and **DECREED** as follows:

1. Defendant's second or subsequent Petition for Post Conviction Relief filed for record on May 18, 2015 ["Petition"] is **GRANTED IN PART, DENIED IN PART, and DISMISSED IN PART.**

2. Defendant's claims of ineffective assistance of counsel are **DENIED**.

3. Defendant's claims regarding credit for time served and the related issues are **DISMISSED** in light of the Somerset County Sentence Order dated November 8, 2012 at No. 357 CRIMINAL 2010 and this Court's lack of authority to enforce said Order upon an agency of the Commonwealth.

4. Defendant's claims regarding the Court's sentencing protocol are **GRANTED**. The Court Administrator is **DIRECTED** to schedule a Resentencing Hearing within 45 days.

5. The Cambria County Office of Adult Probation is **DIRECTED** to prepare an updated and corrected Pre-Sentence Investigation Report consistent with the Court's Opinion, to be filed no later than seven days prior to Defendant's resentencing.

6. The Cambria County Clerk of Courts is **DIRECTED** to forward a copy of this Opinion and Order to the Office of Adult Probation.

7. All remaining claims presented in Defendant's Petition and/or oral argument, including issues regarding Defendant's intoxication defense, the Commonwealth's disclosure of crime scene photos, the Commonwealth's amendment of the Criminal Information, and restitution are **DISMISSED** pursuant to Pennsylvania Rule of Criminal Procedure 908(D) (finding no material issues raised by Defendant); the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9543(a)(3), 9544 (finding waiver of these issues as previously litigated); and/or as conceded by Defendant at oral argument or through counsel.

BY THE COURT:

_Linda Rovder Fleming_

Linda Rovder Fleming, J.

COPIES TO:

Mail ☑ DEF.  ☐ C & F
PS ☑ DA  ☐ SHERIFF
Mail ☑ ATTY.  ☐ OTHER
PS ☑ PO  _____
☐ PD  _____
☐ JAIL  _____
☐ JUDGE  _____
PS ☑ CA  _____

A. McQuillen

2

FILED FOR RECORD
2016 APR -5 AM 10: 43
CLERK OF COURTS
CAMBRIA COUNTY, PA