J-S25042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY JOSEPH JACOBS | : | |
| | : | |
| Appellant | : | No. 73 WDA 2022 |

Appeal from the PCRA Order Entered December 17, 2021
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0004273-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY JOSEPH JACOBS | : | |
| | : | |
| Appellant | : | No. 74 WDA 2022 |

Appeal from the PCRA Order Entered December 17, 2021
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0004274-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY JOSEPH JACOBS | : | |
| | : | |
| Appellant | : | No. 75 WDA 2022 |

Appeal from the PCRA Order Entered December 17, 2021
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0004275-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| JEREMY JOSEPH JACOBS | : | |
| Appellant | : | No. 76 WDA 2022 |

Appeal from the PCRA Order Entered December 17, 2021
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004276-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| JEREMY JOSEPH JACOBS | : | |
| Appellant | : | No. 77 WDA 2022 |

Appeal from the PCRA Order Entered December 17, 2021
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004277-2017

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: OCTOBER 28, 2022**

Appellant, Jeremy Joseph Jacobs, appeals from the order entered in the Westmoreland County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On June 4, 2018, Appellant entered an open guilty plea at five underlying docket

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

numbers to: theft by unlawful taking at No. 4273-2017; theft by unlawful taking at No. 4274-2017; burglary and two counts of theft by unlawful taking at No. 4275-2017; receiving stolen property and persons not to possess a firearm at No. 4276-2017; and robbery, burglary, and aggravated assault at No. 4277-2017.  The court ordered a pre-sentence investigation ("PSI") report and deferred sentencing.  On August 31, 2018, the court sentenced Appellant at all docket numbers to an aggregate term of 11 to 22 years' imprisonment.  Appellant did not file post-sentence motions or a direct appeal.

On September 3, 2019, Appellant timely filed a *pro se* PCRA petition.  The court appointed counsel, who filed an amended PCRA petition on May 11, 2020, alleging plea counsel's ineffectiveness in connection with the guilty plea.  The court held a PCRA hearing on April 27, 2021, and it denied relief on December 17, 2021.  Appellant timely filed separate notices of appeal at each underlying docket number on January 11, 2022.[2]  On January 14, 2022, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).  Appellant timely complied.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error.  ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d

---

[2] Thereafter, this Court consolidated the appeals *sua sponte*.

- 3 -

319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297 (2011).

Appellant argues plea counsel told him that his prior record score was 3, when in fact Appellant's prior record score was RFEL, which resulted in the imposition of a higher sentence. Appellant asserts plea counsel informed Appellant that he was facing no more than 4 to 8 years' imprisonment. Appellant claims plea counsel did not make him aware of the possibility of consecutive sentences. Appellant maintains that after plea counsel realized he had miscalculated Appellant's prior record score, plea counsel decided to "wait and see" what sentence the court imposed, instead of moving to withdraw the plea. Appellant insists plea counsel mislead Appellant about the consequences of his guilty plea. Appellant submits plea counsel induced him to enter a guilty plea that was unknowing, unintelligent, and involuntary. Appellant concludes plea counsel was ineffective in connection with Appellant's guilty plea, and this Court must grant relief. We disagree.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of

ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* at 880. "The petitioner bears the burden of proving all three prongs of the test." *Id.*

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29.

A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Fluharty*, 632 A.2d 312 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. *Id.* at 522. Further, to establish prejudice based on counsel's ineffectiveness in connection with a guilty plea, the petitioner must show there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013).

Further, we observe that in determining whether to grant a pre-sentence motion to withdraw a guilty plea, the test to be applied by the court is one of "fairness and justice." *Commonwealth v. Islas*, 156 A.3d 1185, 1188 (Pa.Super. 2017). By contrast, post-sentence motions to withdraw a guilty plea are subject to a higher scrutiny such that a defendant must demonstrate that manifest injustice would result if the court were to deny the request. *Id.*

Instantly, the PCRA court explained its reasoning for denying PCRA relief, as follows:

[Appellant] claims that ineffective representation by [plea] counsel induced him to enter a plea of guilty in that counsel advised him to enter a general plea based on counsel's estimation of the applicable sentencing guidelines which reflected a prior record score of 3 rather than RFEL. There has been no allegation that the petitioner missed out on an opportunity to accept a negotiated plea recommendation to a lower sentence[3] nor has [Appellant] anywhere alleged that he would have proceeded to trial in the absence of counsel's advice. [Appellant], therefore, has neither alleged nor proven prejudice sufficient to support his claims of ineffective assistance of counsel. PCRA relief can be denied on this basis alone.

> [3] According to the credible testimony, the Commonwealth did not extend a plea offer involving a recommendation as to sentence. The only plea negotiations were with regard to an agreement to dismiss certain criminal charges which was presented to the [c]ourt at the time of the plea.

Further, this [c]ourt concludes that [Appellant's] plea was voluntary, knowing, and intelligent such that counsel's advice to plead guilty was within the range of competence demanded of attorneys in criminal cases. …

In [Appellant's] case the in-court plea colloquy and the written plea colloquy show that [Appellant] was advised of the nature of the criminal charges, the possible sentencing penalties, the consequences of entering a guilty plea and the rights given up upon entry of a plea. In this regard, [Appellant] argues that he was not informed of the possibility of consecutive sentences. This suggestion is disproved by a review of the "Guilty Plea Petition" which was signed by [Appellant] and acknowledged before the [c]ourt. Further, [Appellant] was 34 years old, completed college, was of sound mind, and had no apparent difficulty understanding the [c]ourt. [Appellant] was given an opportunity to ask questions of this [c]ourt and stated that he had none. When asked why he was pleading guilty, [Appellant] responded, "I'm guilty, Your Honor." Moreover, at the time of sentencing, [Appellant's] counsel stated that [Appellant] pleaded guilty to save the victim from having to testify and because [Appellant] was remorseful about his

crimes. When given the chance to address the [c]ourt, [Appellant] apologized for his actions and assured the [c]ourt that he would not re-offend. Finally, at the evidentiary hearing, [plea] counsel explained that it was decided that it was not in [Appellant's] interest to proceed to trial and that [Appellant] "wanted to enter a guilty plea after we discussed all the facts and circumstances of his case…" After the sentence was imposed, [plea] counsel met with [Appellant] who told him that he understood the sentence and that he was accepting of it. There is no indication that [Appellant's] plea was unknowing, involuntary, or unintelligent. More importantly, there has been no testimony that [Appellant] would have proceeded to trial but for counsel's advice to plead guilty or that it was not reasonable for counsel to recommend a plea instead of a trial.

\* \* \*

In sum, this [c]ourt finds that counsel's recommendation to [Appellant] that he enter a plea of guilty instead of proceeding to trial had a reasonable basis designed to effectuate the interests of [Appellant], despite counsel's erroneous estimate of the applicable sentencing guideline range. After reviewing the evidence and securing an agreement from the Commonwealth to dismiss several serious criminal charges, counsel recommended that [Appellant] avoid trial and enter a guilty plea. This recommendation was within the range of competence demanded of attorneys in criminal cases. This [c]ourt's observation of [Appellant] in court as well as its review of the records of the guilty plea hearing, the sentencing hearing, and the evidentiary hearing all lead to the conclusion that [Appellant's] plea was the result of a deliberate and knowing choice and was not involuntary or unknowing. Finally, there has been no claim by [Appellant] which would support a finding that he suffered [prejudice] nor can such an allegation be supported inasmuch as the record and the credible testimony supports that [Appellant] did not forgo a more favorable plea offer based on counsel's advice or that [Appellant] would have chosen to proceed to trial but for counsel's advice regarding a possible sentence.

\* \* \*

[Appellant's] claim that he was not informed of the correct prior record score before entering his plea, does not mean that he would have been granted leave to withdraw his plea under either a pre-sentence or post-sentence standard. [Appellant] has not asserted that he is innocent of the criminal charges such as would constitute a fair and just reason for allowing a withdrawal of his plea prior to sentencing. Indeed, [Appellant] admitted to the [c]ourt at the time he entered his plea that he was in fact guilty. Additionally, the colloquy conducted with [Appellant] by the [c]ourt adequately informed him of the nature and consequences of his plea. Further, the written colloquy which was signed by [Appellant] and reviewed by the [c]ourt prior to accepting the guilty plea supplemented the [c]ourt's explanation of rights. Inasmuch as [Appellant] cannot show either a fair and just reason for withdrawing his plea pre-sentence or manifest injustice which would support allowing him to withdraw his plea post-sentence, it cannot be concluded that counsel was ineffective for failing to file a frivolous motion or appeal.

(PCRA Court Opinion, filed 12/17/21, at 10-13; 16-17) (internal citations and some internal footnotes omitted). The record supports the PCRA court's analysis.

Here, Appellant executed a written guilty plea colloquy affirming that his decision to plead guilty was knowing, intelligent, and voluntary. In the written plea colloquy and during the oral plea colloquy, Appellant acknowledged the maximum sentences the court could impose for each crime. As well, Appellant expressed no reservations about his decision to plead guilty during the oral plea colloquy and expressly confirmed his understanding that he was entering a guilty plea open as to sentencing. In exchange for Appellant's guilty plea, the Commonwealth withdrew three additional charges at No. 4277-2017,

which included a charge of attempted rape. Appellant stipulated to the factual basis for his guilty plea. Nothing in Appellant's guilty plea hearing proceeding suggests Appellant's plea was unknowing, unintelligent, or involuntary. **See Pollard, supra**; **Moser, supra**. **See also Commonwealth v. McClendon**, No. 1050 WDA 2020 (Pa.Super. filed May 17, 2021) (unpublished memorandum)[3] (rejecting appellant's claim on direct appeal that guilty plea was unknowing, unintelligent and involuntary where plea counsel led him to believe his prior record score was "3" and that he would receive sentence in 42-to-54-month range, when his actual prior record score was "RFEL" and he received higher sentence of 60 to 120 months' imprisonment; appellant executed written guilty plea colloquy acknowledging maximum sentences that court could impose and fully communicating his decision to plead guilty and likewise confirmed his decision to plead guilty during oral colloquy).

Plea counsel testified at the PCRA hearing that Appellant wanted to enter a general plea after they discussed all the facts and the circumstances, because it was a "difficult case and…there were four other cases." (N.T. PCRA Hearing, 4/27/21, at 6). Plea counsel further explained that he expected Appellant's prior record score to be lower but based on an out-of-state conviction that factored into the calculation, the prior record score increased. Plea counsel stated that at the time of the guilty plea "we knew it was at least

_____

[3] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value).

possible that [the prior record score] was going to go up. We discussed that."
(*Id.*at 7). Plea counsel also indicated that he gave Appellant an estimation of a sentence the court might impose with the revised prior record score, once counsel realized the prior record score was higher. (*Id.* at 12). Plea counsel and Appellant ultimately decided not to seek to withdraw the plea before sentencing. (*Id.* at 11). The court credited plea counsel's testimony at the PCRA hearing, and we see no reason to disturb that determination. *See Dennis, supra*. The totality of the circumstances demonstrates Appellant had a full understanding of the nature and consequences of his guilty plea. *See Fluharty, supra*. Significantly, Appellant has failed to show that he would have opted for trial but for counsel's alleged errors to establish prejudice on his ineffectiveness claim. *See Barndt, supra*. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2022